The Porto Rican and American Insurance Company, Plaintiff and Appellant, *v.* The People of Puerto Rico, Defendant and Appellee.

No. 9562. Argued April 1, 1948.—Decided April 27, 1948.

*Córdova & González* and *Carlos J. Faure* for appellant. *Luis Negrón Fernández, Attorney General,* and *A. Torres Braschi* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The Porto Rican and American Insurance Company brought an action for damages against the People of Puerto Rico on the ground that on January 17, 1947 it issued an insurance policy in favor of the corporation Puerto Rico Beverages and Flavoring, Inc. insuring the latter against any loss that it might sustain by the operation and maintenance of a motor vehicle, truck, or any damage done to said vehicle and that might be caused by third persons; that on the day mentioned said vehicle, while traveling along public highway number three, within the jurisdiction of the Munici-

pality of Luquillo, skidded and collided against two trees and a telephone post, being totally destroyed; that said public highway belongs to the People of Puerto Rico and is under the charge of the Bureau of Public Works of the defendant and that the aforesaid accident was due to and had as its proximate cause defendant's negligence in keeping said highway with defects and in a condition of want of repair or of sufficient protection for the vehicles travelling thereon.[1]   Plaintiff finally alleged that in compliance with the terms of the policy it had to pay to the corporation the amount of $850 as the total value of the truck, "plaintiff being subrogated to all the rights and actions which the assured corporation might have against third persons and by reason of the accident previously described." The complaint was accompanied with .a bond for the sum of $2,000 in favor of the defendant to secure the costs which defendant might incur if it obtained judgment.

Defendant filed a motion for dismissal alleging that the complaint does not adduce facts sufficient to constitute a cause of action.   The motion was granted by the lower court which rendered judgment against plaintiff.   The latter appealed and assigns a single error which in its opinion was committed by the District Court of San Juan "in deciding that the People of Puerto Rico had not given its consent to be sued herein."

The lower court did not base its judgment on the ground set forth in the error assigned, but rather on that, according to the ruling in *Ortiz* v. *People*, 44 P.R.R. 146; *Soto* v. *Lucchetti*, 58 P.R.R. 715 and *Rivera* v. *People*, 65 P.R.R. 925, § 1 of Act No. 76 of April 13, 1916, as amended

---

[1] Plaintiff predicated its action on § 404 of the Political Code of Puerto Rico, which provides: "Section 404.—Civil Responsibility. That the People of Porto Rico shall be liable for injuries to persons or property occurring through a defect, or want of repair, or of sufficient protection, in or upon an Insular highway in charge of the bureau of public works, except where it shall be proved that such defects were caused by violence of the elements and that there had not been ample time in which to remedy them."

by Act No. 11 of April 18, 1928 [2] by virtue of which the People of Puerto Rico consented to be sued for damages, should be read together with § 1803 of the Civil Code which provides that as to the liability imposed by § 1802 for negligence, the People of Puerto Rico is liable when it acts through a special agent, but not when the damage should have been caused by the official to whom the act performed properly pertained. That is, apparently, the lower court was of the view that since insular highways are under the charge of the Bureau of Public Works under the direction of the Commissioner of the Interior, and since it was not alleged in the complaint that The People of Puerto Rico acted through a special agent in the maintenance of said roads, the complaint did not adduce facts sufficient to constitute a cause of action.

Assuming without deciding, that the conclusion reached by the lower court is correct, there is still another question raised by appellee in its brief, which being of a jurisdictional nature, for it involves the privilege of the State not to be sued without its consent, we may and should examine and decide. Rule 12(h) 2 of Civil Procedure; *Valiente & Co.* v. *Cuevas, Commissioner,* 65 P.R.R. 169.

Section 12 of Act No. 76 of 1916, *supra,* provides: "*Claims against The People of Porto Rico shall not be assignable in any manner,* nor shall they be subject to garnishment or attachment proceedings in any court." (Italics ours.)

It was alleged in the complaint that plaintiff, because it paid the policy was "subrogated to all the rights and actions which the assured corporation might have against third persons." Accepting as true the averments of the complaint, if anyone suffered damages as a result of defendant's negligence, it was the Puerto Rico Beverages and Flavoring, Inc., and it was the latter who had the right to claim for the dam-

---

[2] This Section provides, insofar as pertinent: "The district courts of Porto Rico shall hereafter be authorized to entertain suits against The People of Porto Rico, in the following cases:

"(a) Actions for damages."

ages sustained. If it failed to do so and preferred to obtain compensation from the insurance company and therefore to subrogate it in all its rights and actions, this fact did not authorize plaintiff to bring an action against the People of Puerto Rico inasmuch as the latter expressly prohibited the assignment of claims against it, that is, it did not consent to be sued by anyone to whom the claim had been assigned.

██ The State, in this case, The People of Puerto Rico, may only be sued in damage suits in the manner expressly provided by Act No. 76 of 1916, as amended by Act No. 11 of 1928; *Valiente & Co.* v. *Cuevas, Commissioner, supra,* and the restrictions imposed must be, like in any other case where it has given its consent to be sued, strictly complied with. *Alava & Uturregui* v. *People,* 20 P.R.R. 84; *La Correspondencia de P. R., Inc.,* v. *Treasurer,* 58 P.R.R. 682; *Mayagüez Light Power* v. *Tax Court, ante,* p. 482 and *Monge* v. *Tax Court, ante* p. 594, and cases cited therein.

Although on a different ground, the judgment is affirmed.